Attorneys — Jackson & Woodward, for Wicker; Crossley & Rogers, for Kenney; all of Cincinnati.

---

No. 583

INDUSTRIAL COM. v. RUDISALL

Ohio Appeals, 1st Dist., Hamilton County
No. 2291. Decided Jan. 14, 1924

1283. WORKMAN'S COMPENSATION — Jurisdiction of Common Pleas to hear an appeal where pleading fails to allege temporary award—Effect of words, "or to continue to participate," amended into 1465 GC.

HAMILTON, J.                    Epitomized Opinion
Published Only in Ohio Law Abstract

This case was an appeal from the Hamilton Common Pleas from an order rejecting and disallowing compensation under the Workmen's Act, for injuries claimed to have been received by Rudisall in the course of his employment.

The petition on appeal contains the necessary allegations—the final rejection and allowance of the claim, and that the appeal was filed within 30 days from the notice of disallowance. The answer of the Commission admits the making of the application for compensation, the final disallowance of the claim, and notice thereof to Rudisall. He received a verdict of $1,200 and interest, for which an attorney fees judgment was entered.

The Commission prosecuted error to the Appeals, on the grounds:

1. That the Court of Common Pleas had no jurisdiction to hear the appeal.

2. That the verdict of the jury was contrary to law, in that it provided for recovery of a lump sum, instead of weekly payments.

The argument was presented that under the Code there must be a denial of the rights of claimant to participate at all in the insurance fund.

It was claimed that there was a temporary allowance of $49.29, which was refused by Rudisall; that by reason of this temporary allowance he was denied the right to participate in the fund. The only evidence of the award of this sum is shown by the records of the commission filed in the case. Under the pleadings this temporary award was not entitled to be submitted to the jury. There was no request to amend the pleadings, to conform to the evidence, if this temporary award was provable. Moreover, 1465 GC. has been amended to include the words "or to continue to participate." So that, if there was a participation within the meaning of the section as it originally read, the amendment would permit of the appeal, since the rejection of the application would at least go to the extent of refusing the claimant the right to continue to participate.

The other question goes only to the statutory inaccuracies of the verdict and judgment. The injury proved was the loss of an eye. The statute recites the amount of the award and the method of payment. The judgment will be modified to conform to its provisions in that regard. As thus modified the judgment will be affirmed.

Attorneys—Charles S. Bell, Pros. Atty., Louis Schneider, Asst.., for Commission; Fred. Niederhelman and Thomas L. Michie, for Rudisall. All of Cincinnati.